Slip Op. 09-137

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                :
UNITED STATES STEEL             :
CORPORATION,                    :
                                :
         PlaintiffS,            :
                                :
         and                    :
                                : Before: Richard K. Eaton, Judge
WHEATLAND TUBE COMPANY          :
                                : Consol. Court No. 09-00086
         Pl.-Int.               :
                                :
         v.                     :
                                :
UNITED STATES,                  :
                                :
         Defendant.             :
_____:
```

OPINION

[Department of Commerce's remand results sustained.]

                              Dated: December 11, 2009

*Skadden, Arps, Slate, Meagher & Flom LLP* (*Robert E. Lighthizer, Jeffrey D. Gerrish*, and *Nathaniel B. Bolin*), for plaintiff United States Steel Corporation.

*Wiley Rein LLP* (*Alan H. Price* and *Robert DeFrancesco*), for plaintiff Maverick Tube Corporation.

*King & Spalding*, LLP (*Gilbert B. Kaplan, Daniel Schneiderman,* and *Christopher T. Cloutier*), for plaintiff-intervenor Wheatland Tube Company.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Franklin E. White, Jr.*, Assistant Director, United States Department of Justice Commercial Litigation Branch, Civil Division (*John J. Todor*), for defendant United States.


        Eaton, Judge: The complaint in this action challenged the

final affirmative countervailing duty determination issued by the

Department of Commerce ("Commerce" or the "Department") in

Circular Welded Carbon Quality Steel Line Pipe from the People's

Republic of China, 73 Fed. Reg. 70,961 (Dep't of Commerce Nov.

24, 2008); Circular Welded Carbon Quality Steel Line Pipe from

the People's Republic of China, 74 Fed. Reg. 4,136 (Dep't of

Commerce Jan. 23, 2009) (amended final determination) ("Final

Determination").  The Final Determination applied adverse facts

available with respect to the issue of government ownership of

the producers which supplied hot-rolled steel to respondents

Huludao Seven Star Steel Pipe Group Co., Ltd., Huludao Steel Pipe

Industrial Co., Ltd., and Huludao Bohai Oil Pipe Industrial Co.,

Ltd. (the "Huludao Companies").  The Department found that the

suppliers were government-owned, with the single exception being

a supplier for the Huludao Companies. Accordingly, the Department

determined that the supplier was not government owned and thus

did not include the hot-rolled steel supplied to the Huludao

Companies in the subsidy calculation.

        Plaintiffs' complaint included one claim:

> In determining the benefit to the Huludao
> Companies from the provision of hot-rolled
> steel for less than adequate remuneration and
> the resultant subsidy rate, the Department
> improperly concluded that a supplier of hot-
> rolled steel to the Huludao Companies was not
> government-owned.

Compl. ¶ 13.  Consequently, plaintiffs claimed, the Final

Determination was not supported by substantial evidence and

otherwise not in accordance with law. Compl. ¶ 13.

Subsequently, the defendant sought and the court granted voluntary remand. *United States Steel Corp. v. United States*, Consol. Ct. No. 09-00086 (September 9, 2009) (order granting motion for remand).  On October 20, 2009, the Department issued its Final Redetermination Pursuant to Remand (Dep't of Commerce Oct. 20, 2009), *United States Steel Corp. v. United States*, Consol. Court No. 09-00086 ("Remand Redetermination").

On remand, the Department determined that

> The Department made an erroneous finding of fact in the *Final Determination* and that record evidence does not support the conclusion that one of Huludao's [hot-rolled steel] suppliers was a private company and not a state-owned enterprise.  A correction is therefore warranted.  On remand, the Department now includes the previously excluded [hot-rolled steel] supplier to Huludao in our subsidy calculations.

Remand Determination at 4.

The Department noted that it invited parties to the proceeding to comment on the draft Redetermination Pursuant to Remand and that it received no comments. Remand Determination at 3.  Plaintiffs and plaintiff-intervenor submitted comments on the Remand Determination on December 2, 2009.  Pls.' Comments on the Final Redetermination Pursuant to Remand Issued by the Department of Commerce ("Pls.' Comm.").  Plaintiffs and plaintiff-intervenor state that they are "satisfied with the Department's Remand Redetermination and believe it fully addresses the single issue raised by Plaintiffs in this action.  Accordingly, Plaintiffs

respectfully request that the Court affirm the Remand

Redetermination in all respects."  Pls.' Comm. 2.

    Having examined the Remand Determination and plaintiffs' and

plaintiff-intervenor's comments, the court finds that Commerce's

Remand Determination should be sustained (1) because it is

reasonable and in accordance with law and (2) because the parties

are "satisfied" with the results.  Judgment will be entered

accordingly.


                                    _____/s/ Richard K. Eaton_____
                                         Richard K. Eaton


Dated:     December 11, 2009
           New York, New York